UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nigeria Lee Harvey, | Case No. 21-cv-0346 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Minnesota Department of Corrections et al., | |
| Defendants. | |

Before the Court is the July 15, 2021 Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz. (Dkt. 48.) The R&R recommends denying Plaintiff Nigeria Lee Harvey's motion for summary judgment as premature.

A district court reviews *de novo* those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a magistrate judge is not reviewed *de novo*; rather, such an objection is reviewed for clear error. *Id.* Because Harvey is proceeding *pro se*, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In his objections,[1] Harvey argues that: (1) *pro se* prisoner litigants are exempt from the initial disclosure requirement and from discovery and, for this reason, his motion for summary judgment was not filed prematurely; and (2) the letters filed by defense counsel in response to Harvey's motion for summary judgment were improperly formatted as letters rather than motions. "[P]ro se litigants are *not* excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (emphasis added). Although *pro se* prisoner litigants are exempt from the initial-disclosure requirement, no rule exempts such litigants from discovery as a whole. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv). "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The undersigned United States District Judge's Practice Pointers provide that "[p]arties may not file a motion for summary judgment before the discovery deadline unless they have received permission from the Court." Such permission must be requested in a letter filed with the Court. And Local Rule 7.1(c)(1) requires a party to file the following documents in conjunction with a dispositive motion: a notice of hearing, a memorandum of law, any affidavits and exhibits, and a proposed order.

Harvey filed an incomplete motion for summary judgment without permission from the Court and well in advance of the end of discovery. Because Harvey's motion

---

[1] Harvey improperly filed a "motion for clarification" and supplemental objections to Defendants' responses to Harvey's objections to the R&R. Even if Harvey's motion and supplemental objections were proper, these filings would not change the Court's ruling.

fails to comply with the applicable court rules, the Court overrules Harvey's objections and adopts the R&R in its entirety.

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Plaintiff Nigeria Lee Harvey's objections to the July 15, 2021 R&R, (Dkt. 51), are **OVERRULED**.

2. The July 15, 2021 R&R, (Dkt. 48), is **ADOPTED**.

3. Plaintiff Nigeria Lee Harvey's motion for summary judgment, (Dkt. 40), is **DENIED WITHOUT PREJUDICE** as premature.

Dated:  October 27, 2021                             s/Wilhelmina M. Wright
                                                                                     Wilhelmina M. Wright
                                                                                    United States District Judge