UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nigeria Lee Harvey, | Case No. 21-cv-0346 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER ADOPTING AS MODIFIED REPORT AND RECOMMENDATION** |
| Minnesota Department of Correction, Paul Schnell, Michelle Smith, Guy Bosch, Lisa Stenseth, Victor Wanchena, Andrew Reed, Brianna Erickson, Marrisa Williams, Monica Arons, Lynn Noll, Nanette Larson, Tina Sneen, and Centurion of Minnesota, L.L.C., | |
| Defendants. | |

Before the Court is the October 14, 2021 Report and Recommendation (R&R) of United States Magistrate Judge John F. Docherty. (Dkt. 82.) The magistrate judge recommends (1) granting in part and denying in part Defendant Centurion of Minnesota, L.L.C.'s (Centurion) motion to dismiss; (2) granting Defendants Minnesota Department of Correction (DOC), Paul Schnell, Michelle Smith, Guy Bosch, Lisa Stenseth, Victor Wanchena, Andrew Reed, Brianna Erickson, Marissa Williams,[1] Monica Arons, Lynn Moll, Nanette Larson, and Tina Sneen's (collectively, DOC Defendants) motion for summary judgment; (3) granting Centurion's motion for joinder to the DOC Defendants' motion for summary judgment; and (4) denying Plaintiff Nigeria Lee Harvey's motion for a temporary restraining order.

---

[1] Harvey misspelled Defendant Marisa Williams' name as "Marrisa Williams" in the complaint. The Court will use Williams' proper first name.

BACKGROUND

Harvey is an inmate in Cell Hall D at the Minnesota Correctional Facility in Stillwater, Minnesota (MCF-Stillwater).  Defendants are the DOC, DOC employees and Centurion, a correctional healthcare provider.  Harvey alleges, pursuant to 42 U.S.C. § 1983, that Defendants violated his rights protected by the Eighth Amendment and Fourteenth Amendment to the United States Constitution by failing to adequately address the COVID-19 pandemic at MCF-Stillwater.  Harvey also alleges that Centurion failed to train its employees

In September 2020, an inmate on Cell Hall D tested positive for COVID-19.  Inmates subsequently were placed on a modified lockdown.  Harvey alleges that inmates who tested positive for COVID-19 were neither moved nor isolated.  Instead they remained in Cell Hall D where cell doors consist of bars, which allows for the free flow of air.  The DOC's Policy Number 303.100 (Grievance Procedure) details a three-step administrative grievance procedure for inmate complaints.  An inmate may bypass this procedure and file a grievance directly with the DOC's Central Office only if the inmate has a legitimate fear of retaliation within the prison as a consequence of the inmate's grievance.

In October 2020, Harvey sent a letter to the DOC's Central Office, requesting that it investigate MCF-Stillwater's alleged mishandling of the COVID-19 pandemic.  Harvey claimed that his grievance fell under the retaliation exception to the normal three-step grievance process.  In November 2020, MCF-Stillwater Warden Guy Bosch responded to Harvey's letter, treating Harvey's letter as an attempt to resolve the issue through the first

2

step of the administrative grievance policy. Bosch encouraged Harvey to speak directly with health services staff regarding his medical needs. There is no evidence that Harvey subsequently spoke with health services staff or filed either a formal or informal grievance.

The DOC Defendants requested and received permission to file an early motion for summary judgment on the limited issue of whether Harvey exhausted his administrative remedies. The R&R recommends granting Centurion's motion for joinder, granting Defendants' motion for summary judgment and denying Harvey's motion for a temporary restraining order. Alternatively, the R&R recommends granting in part and denying in part Centurion's motion to dismiss.

## ANALYSIS

Harvey objects to the R&R, arguing that he should be allowed to proceed with his lawsuit because the prison officials did not inform him of the administrative grievance protocols and because DOC Defendants' motion for summary judgment was filed in contravention of the Federal Rules of Civil Procedure.

A district court reviews de novo those portions of an R&R to which timely objections are filed. 28 U.S.C § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). An objection to a R&R must specify the nature of the objection and the grounds for doing so. *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Any objection that merely repeats arguments that were presented to and considered by a

magistrate judge is not reviewed de novo. *Id.* Rather, such an objection is reviewed for clear error. *Id.* Because Harvey is proceeding pro se, the Court construes his objections liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

An inmate must exhaust administrative remedies before filing a lawsuit under 42 U.S.C § 1983 objecting to prison conditions. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The purpose of the exhaustion requirement is "to reduce the quantity and improve the quality of prisoner suits" by giving "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). Dismissal is mandatory when an inmate fails to exhaust available administrative remedies before initiating a lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The parties do not dispute that the DOC Grievance Procedure was available to Harvey. The DOC's three-step Grievance Procedure requires an inmate to first seek resolution through a written correspondence known as a "kite" directed to the appropriate prison staff member. If the inmate does not resolve the issue through the kite, the inmate may file a formal grievance with the appropriate prison staff member. If the inmate remains unsatisfied after pursuing a formal grievance, the inmate may file a grievance appeal with the DOC's Central Office. Harvey sought to bypass the three-step Grievance Procedure through an exception that allows an inmate to file a grievance directly with the

DOC's Central Office when the inmate has received threats or would face retaliation because of the inmate's grievance.

Harvey contends that, because his health was in "imminent danger," his October 2020 letter falls under the exception to the three-step administrative process. Health and safety concerns related to COVID-19 are not the type of "threats" covered by the exception. The exception protects an inmate who might experience retaliation because of the inmate's grievance. Here, there is no evidence that Harvey experienced any retaliation or the type of imminent danger that exempts an inmate from the standard three-step grievance process. For this reason, the R&R correctly concludes that Harvey failed to exhaust available administrative remedies. Because Harvey failed to exhaust available administrative remedies, dismissal is mandatory, *Johnson*, 340 F.3d at 627, and summary judgment is improper, *Barbee v. Correctional Medical Services*, 394 F. App'x 337, 338 (8th Cir. 2010). The Court, therefore, dismisses Harvey's complaint without prejudice.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Centurion of Minnesota, L.L.C.'s motion for joinder to the DOC Defendants' motion for summary judgment, (Dkt. 71), is **GRANTED**.

2. Plaintiff Nigeria Lee Harvey's amended complaint, (Dkt. 10), is **DISMISSED WITHOUT PREJUDICE** as to all Defendants for failure to exhaust state remedies.

3. All other motions are **DENIED** as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 4, 2022                                       s/Wilhelmina M. Wright
                                                                                                            Wilhelmina M. Wright
                                                                                                            United States District Judge